**WEINSCHEL ENGINEERING CO., INC.,**
**Plaintiff,**

v.

**MIDWEST MICROWAVE, INC., et al.,**
**Defendants.**

Court of Chancery of Delaware,
New Castle.

Sept. 22, 1972.

Steven J. Rothschild, of Prickett, Ward, Burt & Sanders, Wilmington, for plaintiff; Cole & Groner, Washington, D. C., of counsel.

Thomas S. Lodge, of Connolly, Bove & Lodge, Wilmington, and Everett R. Casey, of Harness, Dickey & Pierce, Detroit, Mich., for defendants.

SHORT, Vice Chancellor:

This action was commenced on May 21, 1971, by the filing of a complaint by Weinschel Engineering Co., Inc. (Weinschel), alleging, *inter alia,* the misappropriation of trade secrets applicable to the manufacture and sale of certain Weinschel products by Midwest Microwave, Inc. (Midwest), and the individual defendants, former employees of Weinschel. Defendants filed answers and a counterclaim alleging libel.

Pursuant to this court's order of June 24, 1971, defendants were granted priority in discovery so that they might examine Weinschel's officers with regard to the substance of the allegations in the complaint. These depositions continued until September 1, 1971. Since that date no further depositions have been taken by either party. On January 18, 1972, defendants filed motions to strike the complaint under Rule 11 and under Rule 37(b), Del.C.Ann. Plaintiff moved on January 19, 1972, for an order to compel discovery. These motions are considered *seriatim.*

Defendants' motion to strike the complaint under Rule 11 is denied.

Defendants have combed the depositions of plaintiff's officers in an attempt to prove that plaintiff's allegations were "knowingly sham and false." They have discussed virtually every piece of testimony by those deposed and conclude that there was no "good ground" to support the complaint. They assert that, instead, these allegations were based solely on "malevolent surmise." Alternatively, they suggest that even if there were "some information" to support plaintiff's allegations, there was "no reasonable relationship between the sweeping nature of the charges made, as to both time and substance, and the knowledge and information on which they were based," the test applied by this court in Halpern v. Barran, Del.Ch., 272 A.2d 118 (1970).

Defendants preface their discussion of the depositions by plaintiff's officers with a description of Weinschel and its competitive relationship with Midwest. They recite at great length Weinschel's history of patent litigation, Weinschel's concern over new competition in an industry wherein it is the recognized leader, and Weinschel's efforts in investigating the newly formed Midwest. This suit, defendants conclude, is merely another attempt by Weinschel to rid itself of a bothersome new competitor, and which supports an inference of "bad faith" when examining plaintiff's allegations. However, the court cannot make that inference when deciding a Rule 11 motion. Motive for filing a suit may be relevant in weighing the credibility of the plaintiff. But where an attack is made on a pleading under Rule 11, the standard applied is an objective one: that is, whether the knowledge and information on which the allegations are based constitute "good ground" for the complaint. For the purpose of this motion, that knowledge and information must be taken at face value, without an inference of "bad faith."

This court stated in Halpern v. Barran, *supra,* that in applying the Rule 11 standard, the test was whether there was "[a] reasonable relationship between the charges made and the information on which they are based." As the court stated there, "a suit must be based on more than mere suspicion." After a careful review of the depositions made by plaintiff's officers, I conclude that plaintiff's complaint has met that standard.

It is clear that plaintiff's allegations of misappropriation of trade secrets by defendants are grounded in more than "suspicion" and "surmise." They are grounded in the sequence of events surrounding the departure from Weinschel of key employees with access to important information and their subsequent employment by a new company (in which they were also stockholders), which immediately began to produce products substantially similar to those produced by Weinschel and to solicit Weinschel's long time customers.

It is true plaintiff does not have direct evidence of misappropriation. But plaintiff has yet to begin its own discovery and, at this point, every inference must favor the pleader. I cannot say as a matter of law that the inferences drawn by plaintiff were "unreasonable" under the *Halpern* test.

Defendants' motion to strike the complaint under Rule 37(b) is denied.

In support of their motion defendants have alleged four violations of this court's order of June 24, 1971: First, that plaintiff has delayed the progress of the deposition taken by defendants of Bruno O. Weinschel, and then wrongfully terminated that deposition before completion; second, that plaintiff has refused to allow witnesses to answer questions relevant to the "substance of the allegations of the Complaint"; third, that plaintiff has wilfully withheld documents within the scope of the demand for documents and subpoena which are relevant to the allegations of the complaint; fourth, that plaintiff has disclosed information in violation of the temporary secrecy provision of the order.

 I am convinced that, as to the first three charges, defendants should first seek an order to compel discovery under Rule 37(a). The purpose of the order of June 24, 1971, was not to give defendants a blank check with which to obtain any document or the answer to any question which defendants might care to ask. Disputes over specific documents and specific questions, such as are evident here on the record, should be submitted to the court for resolution by an appropriate motion by either party. And, although the order of June 24, 1971 did contemplate that these depositions would proceed without "unfair delays," it cannot be said that the parties were not required, before requesting such drastic relief as striking the complaint, to seek an additional order of the court where counsel could not resolve scheduling difficulties or where the party being deposed refused to continue.

Defendants' allegation that plaintiff has violated the secrecy provisions is a serious charge. On the basis of this record, I cannot now conclude there was such a violation. If defendants can present additional evidence to support this charge, they are free to reapply for such sanctions as may be appropriate.

Plaintiff's motion to compel discovery is granted. In view of my conclusion that defendants' Rule 11 contentions are without merit, I see no reason why plaintiff should not now be permitted to proceed with its discovery. The order of June 24, 1971, will be so modified. This is without prejudice to either party's right to make a motion regarding the Bruno O. Weinschel deposition and the specific documents in question.

An appropriate order on notice may be submitted.